no further evidence was required to show that he was not a fit person to remain a member of the bar.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

In the matter of charges of professional misconduct by the Association of the Bar of the City of New York against Edward J. Newell, an attorney. Respondent disbarred.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Einar Chrystie, of New York City, for petitioner.

Noble, Estabrook & McHarg, of New York City, for respondent.

INGRAHAM, P. J. The respondent is charged by the Association of the Bar of the City of New York with having been indicted by the grand jury of the county of New York for willfully dissuading one Sipp from attending as a witness before a magistrate in criminal proceedings, and that on March 27, 1913, the respondent pleaded guilty to that indictment. Annexed to the petition is a copy of the indictment and an extract from the minutes of the Supreme Court, in which it appears that the respondent was arraigned on the indictment and that he pleaded guilty to the charge of willfully dissuading a witness from attending pursuant to a subpœna. In his answer the respondent admits the indictment and the plea of guilty, but denies that he was guilty of either of the crimes charged against him. A plea of guilty is conclusive evidence of the respondent's guilt, and, having pleaded guilty to such a charge, no further evidence is required to show that he is not a fit person to remain a member of the profession.

The respondent is therefore disbarred. All concur.

---

### In re WRAY.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

ATTORNEY AND CLIENT (§ 10*)—ADMISSION OF ATTORNEYS—ATTORNEYS OF OTHER JURISDICTIONS—"MEMBER OF BAR."

Court of Appeals rule 2 provides that any person admitted, who has practiced for five years as a member of the bar in another country whose jurisprudence is based on the principles of the English common law, may be admitted to practice in New York without examination. Held, that membership in the bar has a well-defined meaning, not satisfied merely by license to practice as an attorney or solicitor, so that to entitle a person to admission on his being a member of the bar of England, Ireland, and Scotland he must have been admitted to practice in the highest court of some part of the kingdom of Great Britain and Ireland.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 14; Dec. Dig. § 10.*]

In the matter of the application of Charles P. Wray to be admitted to practice as an attorney and counselor at law. Application denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Rule 2 of the rules of the Court of Appeals for the admission of attorneys and counselors at law provides that any person admitted to practice, who has practiced for five years as a member of the bar in another country whose jurisprudence is based on the principles of the English common law, may be admitted to practice without examination. Membership in the bar has a well-defined meaning, and a person admitted merely to practice as an attorney or solicitor is not within this definition. To entitle a person to admission under this rule, based upon his being a member of the bar of England, Ireland, or Scotland, he must have been admitted to the bar, and as such entitled to practice in the highest court of some part of the kingdom of Great Britain and Ireland.

The application is therefore denied.